UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A./LOCAL 145 I.B.E.W. PENSION PLAN, AS COLLECTION AGENT FOR ALL FRINGE BENEFITS, <br><br> Plaintiff, <br><br> vs. <br><br> RUSSELL COMPANIES LLC, as Successor to RUSSELL COMMUNICATIONS, L.L.C., <br><br> Defendant. | No.  3:20-cv-44 |

**COMPLAINT**

NOW COMES the Plaintiff, The Trustees of the N.E.C.A./Local 145 I.B.E.W. Pension Plan, as Collection Agent for All Fringe Benefits, by and through their attorneys, McCarthy, Callas & Feeney, P.C., complaining of the Defendant, Russell Companies LLC, as Successor to Russell Communications, L.L.C., and alleges as follows:

**COUNT I
ERISA CLAIMS**

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act (29 USC §§1132, 1145, and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. Further, to the extent that this Complaint raises claims under state law, this Court has Supplemental Jurisdiction under 28 USC § 1367 over such claims.

3. The N.E.C.A. Local 145 IBEW Pension Plan (the "Plan") receives contributions from numerous employers pursuant to Collective Bargaining Agreements

1

between the employers and the I.B.E.W. Local 145 (the "Union"), and therefore, are multiemployer plans. (29 USC §1002).

4. Plaintiff is also the collection agent for the N.E.C.A. Local 145 I.B.E.W. Annuity and Profit Sharing Plan ("the Annuity Plan").

5. The Annuity receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Union, and therefore, are multiemployer plans. (29 USC §1002).

6. The Plan, and the Annuity Plan, are collectively referred to herein as "the fringe benefit plans".

7. The Fringe Benefit Plans are administered at 1700 Fifty-Second Avenue, Suite B, Moline, IL, and venue is proper in the Southern District Court of Iowa, where Defendant is located and where work triggering contributions to the Fringe Benefit Plans was performed.

8. Defendant, Russell Companies LLC, ("Russell Companies") as Successor to Russell Communications, L.L.C. ("Russell Communications"), is an Iowa corporation with its principal place of business located at 1435 Brown Street, Bettendorf, Iowa 52722.

9. Russell Communications, at all times relevant to this action, was an Iowa limited liability company that was authorized to do business in the State of Iowa.

10. Russell Communications executed a "Letter of Assent", dated June 7, 2006, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union.  A copy of said Letter of Assent is attached hereto as Exhibit A.

11. The Letter of Assent also obligated Russell Communications to the then-existing Collective Bargaining Agreement with the Union.

12. Russell Companies, as Successor to Russell Communications, executed a "Letter of Assent", dated October 18, 2019, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union. A copy of said Letter of Assent is attached hereto as Exhibit B.

13. The Letter of Assent also obligated Russell Companies, as Successor to Russell Communications, to the then-existing Collective Bargaining Agreement with the Union. The time period covered by this complaint spans multiple collective bargaining agreements. A copy of each applicable Collective Bargaining Agreement is attached hereto as Exhibit C.

14. Russell Communications, at all times relevant, was an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement that required Russell Communications to pay monthly fringe benefit contributions to the Fringe Benefit Plans.

15. The Collective Bargaining Agreements also binds Russell Communications to the provisions of the Agreement and Declarations of Trust which created the Fringe Benefit Plans (the "Trust Agreements").

16. Pursuant to the provisions of the Collective Bargaining Agreements, Russell Communications was required to make contributions to the Fringe Benefit Plans for each hour worked by its construction employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, Russell Communications was required to make contributions to the Fringe Benefit Plans measured by the hours worked by construction subcontractors that are not signatory to a Collective Bargaining Agreements with the Union.

17. From January, 2014, to December 31, 2014, Russell Communications breached the provisions of the Collective Bargaining Agreements by underpaying contributions that were owed to the Fringe Benefit Plans based upon the hours worked by employees and/or measured by the hours worked by subcontractors.

18. On June 12, 2019, the Fringe Benefit Plans sent Russell Companies, as Successor to Russell Communications, a letter containing a spreadsheet for the amounts owed to the Fringe Benefit Plans. A copy of that letter is attached as Exhibit D.

19. The June 12, 2019, letter identified delinquent contributions to the Fringe Benefit Funds in the amount of $21,486.21.

20. Russell Companies, as Successor to Russell Communications, has not made any payment on this delinquency since the date of the June 12, 2019, letter.

21. There remains a balance owed of $21,486.21 by Russell Companies, as Successor to Russell Communications, for delinquent contributions to the Fringe Benefit Plans.

22. Plaintiff complied with all conditions precedent in bringing this suit.

23. Plaintiff engaged the undersigned attorneys to collect the monies due and owing from Russell Companies, as Successor to Russell Communications,.

24. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Russell Companies, as Successor to Russell Communications, is required to pay liquidated damages, auditor fees, attorney fees and court costs incurred by the Fringe Benefit Plans in the collection process.

25. Russell Companies, as Successor to Russell Communications, is obligated to pay the attorney fees and court costs incurred by the Plaintiff pursuant to 29 USC §1132 (g)(2)(D).

26. Pursuant to 29 USC §1132 (g)(2)(B), Plaintiff is entitled to liquidated damages plus 20% interest on the amount due pursuant to 29 USC 0132(g)(2)(c).

WHEREFORE , Plaintiff prays:

    A. That the Court finds that Russell Companies, as Successor to Russell Communications, be held liable for the above violations.

    B. That the Defendant Russell Companies, as Successor to Russell Communications, be required to pay fringe benefit contributions to the Fringe Benefit Plans.

    C. That Russell Companies, as Successor to Russell Communications, be ordered to pay 20% interest plus liquidated damages on the amount that is due pursuant to 29 USC 0132(g)(2)(c).

    D. That Russell Companies, as Successor to Russell Communications, be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiff. (29 USC §1132).

    E. That the Court finds Defendant is liable for the aforementioned damages, costs, fees, and interest.

<strong><u>COUNT II</u></strong><br><strong><u>BREACH OF COLLECTIVE BARGAINING AGREEMENT</u></strong>

27. Plaintiff reincorporates paragraphs 1-26 of the Complaint.

28. Defendant executed a Letter of Assent, dated June 7, 2006, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union. A copy of said Letter of Assent is attached hereto as Exhibit A.

29. The Letter of Assent also obligated Russell Companies to the then-existing Collective Bargaining Agreement with the Union. The time period covered by

this complaint spans multiple collective bargaining agreements. A copy of each applicable Collective Bargaining Agreement is attached hereto as Exhibit C.

30. The Letter of Assent bound Defendant to the clear and definite terms of the Collective Bargaining Agreements and all its successor agreements.

31. Plaintiff has performed all required conditions of the Collective Bargaining Agreements and all successor agreements.

32. Section 2.15(A) of the Collective Bargaining Agreements and the applicable Local Union Wage Package provide that the employer shall pay a Union Assessment of 5% of the employer's gross payroll.

33. From January 2014 to December 31, 2014, Defendant breached the provisions of the Collective Bargaining Agreements by underpaying the Union Assessment.

34. After an audit, the amount owed by Russell Communications to the Union after all credits is $1,288.08.

35. Plaintiff is the authorized collection agent for the Union for the failure to pay fringe benefits and assessments arising out of an audit pursuant to the Collective Bargaining Agreements.

36. Plaintiff engaged the undersigned attorneys to collect the monies due under the Collective Bargaining Agreements from Defendant.

37. Pursuant to the terms of the Collective Bargaining Agreements, Defendant is required to pay liquidated damages, auditor fees, attorneys' fees, and court costs incurred by Plaintiff in the collection process.

WHEREFORE, Plaintiffs pray that:

A. The Court finds that Defendant be held liable for the above labor contract violations; and

B.    The Defendant be required to pay its Union Assessment in the amount of $1,288.08.

## COUNT III
## BREACH OF CONTRACT (Quad Cities NECA Chapter)

38. Plaintiff reincorporates paragraphs 1-26 of the Complaint.

39. Defendant executed a Letter of Assent, dated June 7, 2006, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union. A copy of said Letter of Assent is attached hereto as Exhibit A.

40. The Letter of Assent also obligated Russell Companies to the then-existing Collective Bargaining Agreement with the Union. The time period covered by this complaint spans multiple collective bargaining agreements. A copy of each applicable Collective Bargaining Agreement is attached hereto as Exhibit C.

41. Defendant, as a member of Quad Cities Chapter N.E.C.A., was required to pay monthly fringe benefit contributions to Quad Cities Chapter N.E.C.A. for each hour worked by its employees at the rate and manner specified in the Collective Bargaining Agreements.

42. Section 2.16 of the Collective Bargaining Agreements and the applicable Local Union Wage Package provide that the employer shall pay fringe benefit contributions to the N.E.C.A. administration fund.

43. Plaintiff is the authorized collection agent for Quad Cities Chapter N.E.C.A. for contractors' failure to pay assessments arising out of an audit pursuant to the Collective Bargaining Agreements.

44. From January 2014 to December 31, 2014, Defendant breached the provisions of the Collective Bargaining Agreements by underpaying contributions to the N.E.C.A. administration fund.

45. Plaintiff engaged the undersigned attorneys to collect the monies due under the Trust Agreements from Defendant.

46. Pursuant to the terms of the Collective Bargaining Agreements and Trust Agreements, Defendant is required to pay liquidated damages, auditor fees, attorneys' fees, and court costs incurred by Plaintiff in the collection process.

WHEREFORE, Plaintiffs pray that:

A. The Court finds that Defendant be held liable for the above labor contract violations; and

B. The Defendant be required to pay $1,968.68 to the N.E.C.A. administration fund.

                    TRUSTEES OF THE N.E.C.A./LOCAL 145
                    I.B.E.W. PENSION FRINGE BENEFIT PLANS,
                    AS COLLECTION AGENT FOR ALL FRINGE
                    BENEFITS, Plaintiff

By: /s/ Michael W. Halpin
Michael W. Halpin
Attorney for Plaintiff
McCarthy, Callas & Feeney, P.C.
329 – 18th Street
Rock Island, IL 61201
(309) 788-2800
mhalpin@mcfe-law.com